# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:25-CR-00365-S |
| | § | |
| JAIRO JOSUE HERNANDEZ ORTIZ, | § | |
| Defendant. | § | |

## FACTUAL RESUME

In support of Jairo Josue Hernandez Ortiz's plea of guilty to the offenses in Count One and Count Two of the Indictment charging a violation 18 U.S.C. § 111 (a)(1) and 18 U.S.C. § 2, Jairo Josue Hernandez Ortiz, the defendant, and his attorney, Suzy Vanegas, stipulate and agree to the following:

## I.    ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One and Count Two of the Indictment, charging a violation of 18 U.S.C. § 111 (a)(1) and 18 U.S.C. § 2 that is, Assault on a Federal Officer, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*.    That the defendant forcibly assaulted a federal officer, as described below;

*Second*.    That the federal officer was forcibly assaulted while engaged in the performance of his official duty or on account of the performance of official duties; and

*Third*.    That the defendant did such acts intentionally;

*Fourth*.    That such acts involved physical contact with the officer.

---

[1] Pattern Crim. Jury Instr. 2.43D (5th Cir. 2024)

## II.    <u>PUNISHMENT FOR THE OFFENSE</u>

The minimum and maximum penalties the Court can impose include:

a.    Imprisonment for a period not to exceed 8 years;

b.    a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

c.    a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $100;

e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising for all relevant conduct, not limited to that arising from the offense of conviction alone;

f.    costs of incarceration and supervision; and

g.    forfeiture of property.

## III.    <u>SENTENCING IN THIS CASE</u>

Mr. Hernandez Ortiz has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the District Court after it has considered the Guidelines and the factors included in 18 U.S.C. § 3553(a). However, neither the Guidelines nor 18 U.S.C. § 3553(a) are binding and the District Court, in its discretion, may sentence the defendant to the statutory maximum penalties if that is a reasonable sentence.

Congress has abolished parole so if the District Court sentences the defendant to a term of imprisonment, he will not be released on parole.

Mr. Hernandez Ortiz understands that a conviction for the instant offense is a felony conviction and that a felony conviction may deprive his of valuable civil rights, including the right to vote, the right to hold public office, the right to sit on a jury, and the right to possess a firearm.

As a non-U.S. citizen, Mr. Hernandez Ortiz recognizes that a conviction for this offense may have consequences with respect to its immigration status and could negatively affect his ability to ever gain legal status in the United States. Removal and other immigration consequences are the subject of a separate proceeding; however, Mr. Hernandez Ortiz understands that no one can predict with certainty the effect of a conviction on his current or future immigration status.

## IV.    CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

Mr. Hernandez Ortiz understands that he has the following constitutional rights:

1.    the right to plead not guilty to the charged offense;

2.    the right to have a speedy trial by a jury;

3.    the right to have its guilt proven beyond a reasonable doubt;

4.    the right to confront and cross-examine witnesses and to call and subpoena witnesses in its defense; and

5.    the right to not be compelled to incriminate itself.

Mr. Hernandez Ortiz waives the aforementioned rights and pleads guilty to the offenses alleged in the two-count Indictment charging him with violating 18 U.S.C. § 111 (a)(1) and 18 U.S.C. § 2. Mr. Hernandez Ortiz understands the nature and the elements of the offense for which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## V.    STIPULATED FACTS

The defendant, Jairo Josue Hernandez Ortiz, admits and agrees that on or about July 2, 2025, within the Dallas Division of the Northern District of Texas (NDTX), he forcibly assaulted

Agent R.F. and Agent S.R. while they were performing their official duties and said conduct caused physical contact with each agent.

The defendant agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One and Count Two of the indictment.

## VI.     <u>VOLUNTARINESS OF THE PLEA OF GUILTY</u>

Mr. Hernandez Ortiz has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offense, the statutory penalties, and the Guidelines and 18 U.S.C. § 3553(a) with his attorney.  Mr. Hernandez Ortiz has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and Mr. Hernandez Ortiz is satisfied with his attorney's representation of it in this case.  Mr. Hernandez Ortiz concedes that he is guilty of offenses alleged in Count One and Count Two of the Indictment and that it is in his best interest to plead guilty rather than to proceed to trial.

**AGREED TO AND SIGNED** this _25_ day of _August_____, 2025.

_____
Jairo Josue Hernandez Ortiz
Defendant

_____
Suzy Vanegas
Texas Bar No. 24082074
702 Houston Street
Fort Worth, TX 76102
Phone: 469-608-0621
sjvanegas@yahoo.com